**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Antonio Hough, Appellant,

v.

Town of Pageland, Respondent.

Appellate Case No. 2014-000453

Appeal From Chesterfield County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2016-UP-019
Heard November 4, 2015 – Filed January 20, 2016

**AFFIRMED**

Sarah Crawford Campbell and Melvin Wayne Cockrell, III, of Cockrell Law Firm, P.C., of Chesterfield, Wade Coleman Lawrimore, of Zimmerman & Shealy, LLC, of Newberry, William Dennis Curtis, Jr., of Chesterfield, for Appellant.

Charles Franklin Thompson, Jr., of Malone Thompson Summers & Ott, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Antonio Hough appeals the trial court's grant of summary judgment to the Town of Pageland in a retaliatory discharge proceeding.  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Hinton v. Designer Ensembles, Inc.*, 343 S.C. 236, 242, 540 S.E.2d 94, 97 (2000) ("In order to prove a claim under [section 41-1-80 of the South Carolina Code (Supp. 2015)], a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements."); *id.* (providing the appropriate test of causation is the "determinative factor" test which requires the employee establish that he would not have been discharged "but for" the filing of the workers' compensation claim); § 41-1-80 (providing the employer with affirmative defenses, including the violation of specific written company policy); Rule 403, SCRE (stating evidence may be excluded if its probative value is outweighed by unfair prejudice).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**